IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SARA KIRCHHEINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:19-CV-00135 |
| | § | |
| HOME DEPOT U.S.A., INC. D/B/A | § | |
| THE HOME DEPOT | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT HOME DEPOT U.S.A., INC.'S
NOTICE OF REMOVAL AND BRIEF IN SUPPORT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant **HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT** ("The Home Depot"), and files this Notice of Removal under 28 U.S.C. §§ 1332 and Brief in Support:

**I.
STATEMENT OF GROUNDS FOR REMOVAL**

1.  On January 31, 2019 Plaintiff filed this lawsuit in the 58th Judicial District Court, Jefferson County, Texas, as Cause No. A-203266 styled "*Sara Kirchheiner v. Home Depot U.S.A., Inc. d/b/a Home Depot.*"  A true and correct copy of the Original Petition is attached as Exhibit "A-2."

2.  Plaintiff sued The Home Depot alleging negligence arising out of a workplace injury suffered by Plaintiff while employed by The Home Depot.

3.  The Home Depot was served on February 12, 2019, and files this Removal within 30 days after the receipt of the Original Petition, as required by 28 U.S.C. 1446(b)(1). Prior to

removal, Home Depot filed its Answer on March 5, 2019, in the state court action, a true and correct copy of which is attached hereto as Exhibit "A-5."

4. The state court action is one over which this Court has original jurisdiction under the provisions of 28 USC § 1332 and may be removed to this Court pursuant 28 USC § 1332 because there is complete diversity between the parties. 28 USC § 1332(a); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899-900 (9th Cir. 2006). Additionally, the amount in controversy exceeds $75,000, excluding interest and costs. 28 USC § 1332(a); *Andrews v. E.I. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

5. The Home Depot denies Plaintiff's claims.

6. As required by 28 U.S.C. § 1446(a), true and correct copies of the following documents are being filed with this Notice of Removal and are incorporated herein at length:

| **Exhibit:** | **Description of Exhibit:** |
|---|---|
| **Exhibit "A"** | **Index of Pleadings;** |
| **Exhibit "A-1"** | **State Court Docket Sheet;** |
| **Exhibit "A-2"** | **Plaintiff's Original Petition and Request for Disclosure;** |
| **Exhibit "A-3"** | **Citation for Defendant Home Depot U.S.A., Inc.;** |
| **Exhibit "A-4"** | **Return of Service for Defendant Home Depot U.S.A., Inc.;** |
| **Exhibit "A-5"** | **Defendant Home Depot U.S.A., Inc.'s Original Answer;** |
| **Exhibit "A-6"** | **Discovery Control Plan Order** |
| **Exhibit "A-7"** | **Notice of Filing of Notice of Removal (to be filed after this Notice of Removal is filed).** |
| **Exhibit "B"** | **Fed. R. Civ. P. Rule 7.1 Disclosure Statement** |

## II.
### DIVERSITY OF CITIZENSHIP

7. Plaintiff is an individual residing in and a citizen of Lumberton, Hardin County, Texas. Ex. "A-2," Petition § II.

8. Defendant The Home Depot is a foreign corporation incorporated in Delaware, and has its principal place of business in Fulton County, Georgia. Accordingly, Defendant has at all relevant times been a citizen of Delaware and Georgia.

9. Plaintiff is a citizen of Texas; The Home Depot is a citizen of Delaware and Georgia. Thus, at both the time of filing the original action in state court and at the time of this removal, complete diversity of citizenship has existed among the parties. Removal is proper. 28 USC §1332(a).

## III.
### AMOUNT IN CONTROVERSY

10. The Home Depot would show that the Court has diversity jurisdiction over this matter as there is complete diversity of citizenship between the parties and the monetary relief sought by Plaintiff exceeds the minimum jurisdictional amount of $75,000.

11. Plaintiff alleges in her Original Petition "that she seeks monetary relief over $100,000 but not more than $200,000." Ex. "A-2," Petition § I.

12. Plaintiff seeks damages for past and future medical expenses, past and future pain, past and future mental anguish, past and future impairment, past lost earnings and future loss of earning capacity. Ex. "A-2," Petition § VII.

## IV.
### PROCEDURAL REQUIREMENTS FOR REMOVAL

13. Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is timely, it being filed no more than thirty (30) days after service.

14. The United States District Court for the Eastern District of Texas encompasses Jefferson County, the county in which the State Court Proceeding is now pending. Therefore, venue in this Court is proper pursuant to 28 U.S.C. § 1441(a).

15. There are no other proper defendants to this action.

16. In accordance with 28 U.S.C. § 1446(a), filed herewith as Exhibits "A-1 through A-6" are copies of all process and pleadings from the state court proceedings.

17. Promptly after notice of this removal is filed, written notice hereof will be given to Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of Court for the 58th Judicial District Court of Jefferson County, Texas, to effect the removal of the civil action to this Honorable Court as provided by law. The Notice of Filing of Notice of Removal to be filed in the State Court Proceeding is attached hereto as Exhibit "A-7."

18. The Home Depot specifically reserves the right to amend or supplement this Notice of Removal.

19. By virtue of this removal, Defendant does not waive its rights to assert any jurisdictional defenses or other defenses or motions, including motions pursuant to Rules 9 and 12 of the Federal Rules of Civil Procedure.

## V.
### JURY DEMAND

20. Plaintiff demanded a jury in the state court action.

WHEREFORE, PREMISES CONSIDERED, Defendant HOME DEPOT U.S.A., INC. prays the Court remove the case styled "*Sara Kierchheiner v. Home Depot U.S.A., Inc. d/b/a Home Depot*" bearing Cause No. A-203266, pending in the 58th Judicial District Court of Jefferson County, Texas, to the United States District Court, Eastern District of Texas, Beaumont Division, and for such other and further relief to which it is entitled.

Respectfully Submitted,

/s/ Chad L. Farrar
By: Chad L. Farrar, Lead Counsel for Defendant

MULLIN HOARD & BROWN, L.L.P.
Chad L. Farrar, Texas Bar No. 00793716
C. Brett Stecklein, Texas Bar No. 00794688
Katie P. Harrison, Texas Bar No. 24062767
Flannery Nardone, Texas Bar No. 24083183
2515 McKinney Ave., Suite 900
Dallas, Texas 75201
Telephone:   (214) 754-0040
Facsimile:    (214) 754-0043
cfarrar@mhba.com
bstecklein@mhba.com
kharrison@mhba.com
fnardone@mhba.com

*Attorneys for Defendant Home Depot U.S.A., Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 14th day of March, 2019, a true and correct copy of the foregoing was served by email and ECF addressed to:

**Via email oxford@waldmansmallwood.com**
Tom Oxford
W<small>ALDMAN</small> S<small>MALLWOOD</small>, P.C.
3550 B North Dowlen
Beaumont, Texas 77706
*Attorney for Plaintiff*

                                            /s/ Chad L. Farrar
                                            Chad L. Farrar