FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/31/2019 8:20 AM
JAMIE SMITH
DISTRICT CLERK
A-203266

NO. _____

| | | |
|---|---|---|
| SARA KIRCHHEINER | * | IN THE DISTRICT COURT OF |
| VS. | * | JEFFERSON COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT | * | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, SARA KIRCHHEINER, hereinafter styled Plaintiff, complaining of HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, hereinafter styled Defendant, and for cause of action against said Defendant, would respectfully show the Court and Jury as follows:

I.

Plaintiff affirmatively pleads that she seeks monetary relief over $100,000 but not more than $200,000 and intends that discovery be conducted under Discovery Level 2.

II.

Plaintiff resides in Lumberton, Hardin County, Texas.

III.

Defendant, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, is a corporation, company, partnership, proprietorship or some such business entity. That said Defendant does business in the state of Texas and from time to time within the jurisdiction of this Honorable Court; that said Defendant may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

**SERVICE IS REQUESTED AT THIS TIME.**

IV.

Plaintiff, SARA KIRCHHEINER, would show that on or about January 10, 2018, while in the course and scope of her employment for the Defendant, HOME DEPOT U.S.A., INC.

**EXHIBIT A-2**

D/B/A THE HOME DEPOT, she was attempting to get a box of tiles down from the mail order case. As she was attempting to get the box, the tiles in the box shifted and struck her shoulder. The box was heavy and was not supposed to be stored on the top shelf. Also, the box was supposed to be packed so that the items in the box could not shift. The box had been improperly packed and stored and created an unsafe condition.

V.

Plaintiff brings this suit to recover damages for personal injuries she sustained on or about January 10, 2018, while she was in the employ of the Defendant, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT. At the time of said occurrence and at all times material hereto, Defendant-employer, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, was eligible to become a subscriber to the Texas Workers' Compensation Act, but Defendant-employer, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, was not a subscriber at the time Plaintiff was injured or at any time material thereto; hence, Defendant-employer, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, is denied any and all defenses under the common law in regard to Plaintiff's cause of action. The Defendant-employer, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, is expressly forbidden from utilizing, but not limited to, the defense of assumption of risk, contributory negligence and the fellow employee doctrine pursuant to Tex.Rev.Civ.Stat. Art. 8306, Section 1.

VI.

That on the occasion in question the Defendant, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, through its agents, servants or employees, was guilty of various acts, wrongs and omissions, that this constituted negligence and such negligence was a proximate cause of the injuries and damages of which Plaintiff complains.

Plaintiff would show that the Defendant owed a duty to its employee and the general public, including Plaintiff, SARA KIRCHHEINER, to use ordinary care, including the duty to protect and safeguard Plaintiff from reasonably dangerous conditions or to warn of their existence. Defendant owed her a duty to exercise ordinary care to keep the premises in

reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers. Defendant's conduct, and that of its agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Defendant knew or should have known that the improper storage and packing of the box of tiles in question created an unreasonable risk of harm in that Defendant knew or should have known of the danger to its employee and the general public, including Plaintiff, SARA KIRCHHEINER. Defendant knew this condition caused an unreasonable risk of harm to persons such as the Plaintiff who would be responsible for retrieving the improperly stored and packed box. Defendant failed to exercise ordinary care to reduce or eliminate this risk, or warn invitee regarding it. Defendant's conduct, and that of its agents, servants and employees, acting within the scope of their employment, constituted a breach of the duty of ordinary care owed by Defendant to Plaintiff. Each of these acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages as described below.

VII.

That as a direct and proximate result of the negligence and carelessness of the Defendant, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT, its agents, servants and employees, Plaintiff, SARA KIRCHHEINER, suffered injuries to her neck, back, shoulder, and body in general. That because of such injuries this Plaintiff has suffered the following elements of damage:

1. Physical pain and suffering in the past and future;
2. Mental anguish suffered in the past and future;
3. Loss of earning capacity in the past and future;
4. Physical impairment suffered in the past and future;
5. Medical expenses incurred in the past and future;

Plaintiff would show the Court and Jury that damages sought are within the jurisdictional limits of this Honorable Court for which she sues the Defendant herein.

VIII.

Plaintiff, SARA KIRCHHEINER, would further show that if in the event she had pre-existing conditions in her body prior to the incident made the basis of this suit that such conditions were painless and symptom free, but because of the injuries she suffered in the incident in question, such conditions were lighted up, aggravated and precipitated.

IX.

Attached hereto as Exhibit "A" is a Request for Disclosure to be answered within fifty (50) days of receipt of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a trial of this cause that Plaintiff have and recover of and from the Defendant, judgment for her damages as may be deemed just and fair by the Jury; that she have such judgment together with all legal interest, including pre-judgment interest; costs of court and for such other and further relief to which she may be justly entitled to receive.

Respectfully submitted,

WALDMAN SMALLWOOD, P.C.
3550 B North Dowlen
Beaumont, Texas 77706
TELEPHONE(409) 833-9151
FACSIMILE(409) 866-4196
oxford@waldmansmallwood.com

/s/ Tom Oxford
TOM OXFORD
SBN: 15392200

ATTORNEY FOR PLAINTIFF

NO. _____

| | | |
|---|---|---|
| SARA KIRCHHEINER | * | IN THE DISTRICT COURT OF |
| VS. | * | JEFFERSON COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT | * | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S REQUEST FOR DISCLOSURE**

TO:   Defendant, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT

COMES NOW, SARA KIRCHHEINER, Plaintiff in the above styled and numbered cause of action, and pursuant to Rule 194 of the Texas Rules of Civil Procedure, files this Request for Disclosure. You are requested to disclose in writing within fifty (50) days from receipt of this Request for Disclosure the information or material described in Rule 194.2 a)(b)(c)(d)(e)(f) (g)(h)(i)(j)(k) and (l). Production of the requested documents should occur at 3550 B North Dowlen, Beaumont, Texas 77706, within the time specified herein.

Respectfully submitted,

WALDMAN SMALLWOOD, P.C.
3550 B North Dowlen
Beaumont, Texas 77706
TELEPHONE (409)833-9151
FACSIMILE (409)866-4196
oxford@waldmansmallwood.com

/s/ Tom Oxford
TOM OXFORD
SBN: 15392200

ATTORNEY FOR PLAINTIFF

**EXHIBIT "A"**